**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  )  Plaintiff,  )  )  v.  )  )  GREGORY T. MOORE,  )  )  Defendant.  )  ) | CRIMINAL ACTION  No. 12-20141-01-KHV |

**MEMORANDUM AND ORDER**

On November 10, 2014, the Court sentenced defendant to 129 months in prison and ten years of supervised release. This matter is before the Court on defendant's Emergency Motion Requesting Compassionate Release (Doc. #1154) filed June 15, 2020. On September 17, 2020, the Office of the Federal Public Defender filed a supplement in support of defendant's motion. See Supplemental Memorandum Re: Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #1166). The government opposes defendant's motion. See Government's Response To Defendant's Motion For Compassionate Release (Doc. #1168) filed September 29, 2020. For reasons stated below, the Court sustains defendant's motion.

**Factual Background**

Defendant currently is confined at FCI Forrest City-Low, a Bureau of Prisons ("BOP") facility in Forrest City, Arkansas. As of October 20, 2020, 642 inmates and 14 staff members at FCI Forrest City-Low had tested positive for Coronavirus Disease-2019 ("COVID-19"). See BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (accessed Oct. 21, 2020). No inmates or staff members at the facility have died from COVID-19. See id. Two of the 642 inmates and ten of the 14 staff members who tested positive have not yet recovered. See id.

Defendant states that because of obesity, hypertension, an enlarged heart and a prior COVID-19 infection, he is at high risk of contracting COVID-19 and of severe illness or death if he contracts it. With good time credit, defendant's projected release date is March 16, 2022. He asks the Court to release him and order that as a condition of his original term of supervised release, he serve 18 months in home confinement.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). Defendant seeks compassionate release under Section 3582(c)(1)(A) based on the COVID-19 pandemic.

Under the First Step Act of 2018, Pub. L. No. 115-391 (S. 756), 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The Court may entertain requests for compassionate release only upon a motion of the BOP, however, or of defendant after defendant "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Here, on August 5, 2020, defendant submitted a request for compassionate release and the warden did not respond within 30 days. Accordingly, defendant has satisfied the exhaustion prerequisite to filing a motion for compassionate release.

Under the compassionate release statute, after considering the applicable factors set forth in Section 3553(a), the Court may grant relief if defendant establishes that (1) "extraordinary and compelling reasons" warrant a reduced sentence and (2) a reduced sentence is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Congress specifically authorized the Sentencing Commission to issue policy statements defining "what should be considered extraordinary and compelling reasons for [a] sentence reduction, including the criteria to be applied." United States v. Saldana, 807 F. App'x 816, 819 (10th Cir. Mar. 26, 2020) (quoting 28 U.S.C. § 994(t)).

The Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) as determined by the Director of the BOP, an "extraordinary and compelling reason other than, or in combination with," the first three categories. United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13, cmt. n.1 (Nov. 1, 2018).[1] In December of

---

[1] Application Note 1 provides as follows:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—
       (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not

(continued . . .)

2018, the First Step Act amended Section 3582(c)(1)(A) to permit defendants (rather than only the BOP) to file motions for compassionate release. The Sentencing Commission's policy statement, which was effective November 1, 2018, nonetheless remains the relevant policy statement in determining whether "extraordinary and compelling reasons" warrant defendant's release. See

---

[1](. . . continued)

> required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii)   The defendant is—
>    (I)   suffering from a serious physical or medical condition,
>    (II)   suffering from a serious functional or cognitive impairment, or
>    (III)   experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B)   Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C)   Family Circumstances.
>    (i)   The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>    (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D)   Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, cmt. n.1 (Nov. 1, 2018).

Saldana, 807 F. App'x at 819 (applying policy statement effective November 1, 2018 to defense motion under Section 3582(c)(1)(A)).

Here, defendant seeks compassionate release based on his medical condition and the risk that he may contract COVID-19 again. The government concedes that a medical condition that elevates an inmate's risk of becoming seriously ill if he contracts COVID-19 may constitute an extraordinary and compelling reason for release. See Government's Response To Defendant's Motion For Compassionate Release (Doc. #1168) at 12–13. The government argues that medical conditions such as obesity and hypertension during the COVID-19 pandemic satisfy the criteria under subsection (A) of the Section 1B1.13 commentary, i.e. a chronic condition that "substantially diminish[es] the ability of the defendant to provide self-care within the environment of a correctional facility" and "from which [he] is not expected to recover." Id. at 12 (quoting U.S.S.G. § 1B1.13, cmt. n.1). Here, subsection (A) does not apply because unless and until defendant contracts COVID-19, his obesity and hypertension do not limit his ability to provide self-care within the prison environment. Subsections (B) and (C) also do not apply.[2] Accordingly, for defendant to establish extraordinary and compelling reasons for release based on his medical condition and the risk of contracting COVID-19 again, he must rely on the catchall provision of subsection (D).

Under subsection (D) of the Section 1B1.13 commentary, as determined by the Director of

---

[2] Subsection (B) does not apply because defendant is 44 years old. See U.S.S.G. § 1B1.13, cmt. n.1(B) (defendant must be at least 65 years old to qualify for relief based on age). Subsection (C) does not apply because defendant seeks relief based on his own circumstances, not family circumstances. See U.S.S.G. § 1B1.13, cmt. n.1(C) (relief based on death or incapacitation of caregiver of minor child or incapacitation of spouse where defendant would be only available caregiver).

the BOP, release may be appropriate based on other "extraordinary and compelling reason[s]," by themselves or in combination with defendant's medical condition, age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(D).   To determine whether defendant presents other extraordinary and compelling reasons for release, the BOP has identified several "nonexclusive factors" to consider: defendant's criminal and personal history, the nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans and whether release would "minimize the severity of the offense." Saldana, 807 F. App'x at 819 (quoting BOP Program Statement 5050.50 at 12 (2019)).   Where the BOP Program statement is a "permissible construction of the statute," it is entitled to "some deference."   Id. (quoting Reno v. Koray, 515 U.S. 50, 61 (1995)).

As explained above, the First Step Act permits defendants (rather than only the BOP) to file motions for compassionate release.   The Sentencing Commission, however, which has lacked a quorum since the First Step Act was enacted in December of 2018, has not amended the Section 1B1.13 commentary which includes the catchall provision for other extraordinary and compelling reasons "[a]s determined by the Director of the BOP."   U.S.S.G. § 1B1.13, cmt. n.1(D).   In an unpublished decision, the Tenth Circuit implicitly recognized that in addition to the BOP, courts now can make such a determination.   See Saldana, 807 F. App'x at 819–20.[3]   The

---

[3]    In Saldana, defendant argued that in determining whether he had established other compelling reasons under the catchall provision of subsection (D), the district court should have considered (1) his post-conviction rehabilitation efforts and (2) post-sentencing case law that would have lowered his sentencing range.   See 807 F. App'x at 819–20.   In affirming the district court's decision to deny defendant's request for a reduced sentence under the catchall provision of subsection (D), the Tenth Circuit implicitly assumed that the district court, rather than the BOP exclusively (as the commentary suggests), can determine whether a defendant has established "other" extraordinary and compelling reasons under the catchall provision.   See id.

Court likewise concludes that on a defense motion, it may—independently of the BOP—determine whether defendant has established "other" extraordinary and compelling reasons that warrant a reduced sentence beyond those stated in subsections (A) to (C) of the Section 1B1.13 commentary. U.S.S.G. § 1B1.13, cmt. n.1(D); see United States v. Israel, No. 95-00314-CR, 2020 WL 4362258, at *4 (S.D. Fla. July 29, 2020) (overwhelming majority of courts conclude that after First Step Act, courts may independently determine whether "other" extraordinary and compelling reasons warrant release); see also 28 U.S.C. § 994(t) (Sentencing Commission shall describe what should be considered extraordinary and compelling reasons including criteria to apply and list of specific "examples"); cf. United States v. Brooker, No. 19-3218-CR, --- F.3d ----, 2020 WL 5739712, at *6 (2d Cir. Sept. 25, 2020) (because Section 1B1.13 not "applicable" to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district court discretion to consider whether any reasons extraordinary and compelling).

In the context of compassionate release, "extraordinary" means "exceptional to a very marked extent." United States v. Baydoun, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020)). "Compelling" means "tending to convince . . . by forcefulness of evidence." Id. (quoting *Compelling*, Webster's Third International Dictionary, Unabridged (2020)). As noted above, BOP Program Statement 5050.50 identifies several "nonexclusive" factors for the Court to consider in determining whether "other" extraordinary and compelling reasons warrant a reduced sentence. See Saldana, 807 F. App'x at 819.

Here, the government concedes that defendant's medical records confirm that he suffers from conditions that establish extraordinary and compelling reasons for release. See

Government's Response To Defendant's Motion For Compassionate Release (Doc. #1168) at 15. After considering the factors in BOP Program Statement 5050.50, the Court finds that based on defendant's obesity, his hypertension and the risk of contracting COVID-19 again in prison, he has shown exceptional and compelling reasons for a reduced sentence.

Next, the Court must determine whether a sentence reduction is warranted, and the extent of any reduction, under the applicable factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). The Court considers the nature and circumstances of the offense, defendant's personal history and characteristics, the purposes of sentencing including the need to protect the public from further crimes of the defendant, any threat to public safety and the need to avoid unwanted sentence disparities among defendants with similar records who are convicted of similar conduct. See 18 U.S.C. § 3553(a).

Defendant committed a significant drug trafficking offense. At the same time, he already has served approximately 95 months in prison (the equivalent of 112 months with good time credit or approximately 86 percent of his original sentence). When combined with a special term of supervised release that includes 17 additional months of home confinement (to approximate defendant's original release date), a reduced sentence under Section 3582(c)(1)(A) is consistent with the seriousness of the offense, the need for deterrence and the need to protect the public. In addition, although defendant possessed firearms during the offense conduct, he has no history of violence in the past 20 years. The government concedes that defendant does not appear to pose a direct danger to society upon release. See Government's Response To Defendant's Motion For Compassionate Release (Doc. #1168) at 16. In light of defendant's current medical condition, the COVID-19 pandemic and the applicable factors under 18 U.S.C. § 3553(a), the Court finds that a

sentence of time served with a special term of supervised release including home confinement of 17 months is sufficient, but not greater than necessary, to reflect the seriousness of the offense, afford adequate deterrence, protect the public and provide defendant needed treatment in the most effective manner. See 18 U.S.C. § 3553(a)(2)(A)–(D). Accordingly, the Court reduces defendant's sentence of 129 months in prison to time served with a special term of supervised release to start immediately on his release and to expire on March 16, 2022. During the special term of supervised release, defendant shall remain on home detention with video conference monitoring by the United States Probation Office. Defendant shall remain subject to his standard term of supervised release of ten years, which will begin immediately after the expiration of the special term of supervised release.

**IT IS THEREFORE ORDERED** that defendant's Emergency Motion Requesting Compassionate Release (Doc. #1154) filed June 15, 2020 is **SUSTAINED**. **The Court reduces defendant's sentence of 129 months in prison to TIME SERVED. Defendant shall immediately begin a special term of supervised release which will expire on March 16, 2022. All terms and conditions that apply to defendant's standard term of supervised release (as set forth in the Judgment In A Criminal Case (Doc. #886) filed November 24, 2014 at 3) shall apply to defendant's special term of supervised release. In addition, during the special term of supervised release, defendant shall be on home confinement and shall possess or have access to a telephone, smart phone or compatible device that will allow video conference monitoring by the United States Probation Office. During the first 14 days of his special term of supervised release, defendant shall self-quarantine. After the special term of supervised release expires on March 16, 2022, defendant will begin his standard term of**

**supervised release of 120 months.**

**Except as modified above, all other terms and conditions of the <u>Judgment In A Criminal Case</u> (Doc. #886) filed November 24, 2014 shall remain in effect.**

Dated this 23rd day of October, 2020 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge